```
              UNITED STATES BANKRUPTCY COURT
                MIDDLE DISTRICT OF FLORIDA
                     ORLANDO DIVISION
```

In re:
HOWARD SCOTT BASSUK,

     Debtor.                        Case No.: 6:17-bk-04478-RAC
                                          Chapter 7
_____/

FORD MOTOR COMPANY,

     Plaintiff,                 Adv. No.: 6:17-ap-00141-RAC

v.

HOWARD SCOTT BASSUK,

     Defendant.
_____/

**<u>ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT</u>**

    The Defendant, HOWARD SCOTT BASSUK (hereinafter "Bassuk"), by and through his undersigned counsel, hereby answers the complaint filed by the Plaintiff, FORD MOTOR COMPANY (hereinafter "Ford"), as follows:

    1.    Paragraphs one, two, three and four of the Adversary Complaint are admitted.

    2.    Paragraph five is denied.

    3.    As to the allegations in Paragraph six, it is admitted that Ford claims to be a creditor of Bassuk, but this claim has no basis in fact.

    4.    Paragraphs seven and eight are admitted.

5.  Paragraph nine is denied.

6.  Paragraphs ten, eleven and twelve are admitted.

7.  As to the allegations in Paragraph thirteen, it is admitted that Bassuk met and spoke with Wayne Boor on many occasions, although it is unknown whether they spoke in person on the date indicated. As to the remaining allegations, it is admitted that in or about 2011, Bassuk's then existing company purchased and leased some vehicles.

8.  As to the allegations in Paragraph fourteen, it is admitted that Ford provided Bassuk with a Fleet Identification Number, although it is unknown whether this occurred "after" a meeting with Mr. Boor.

9.  As to the allegations in Paragraph fifteen, it is admitted that at various times, Mr. Boor told Mr. Bassuk that Ford did not want vehicles made for the United States market to be exported.

10.  Paragraph sixteen is admitted

11.  Paragraph seventeen and eighteen are denied.

12.  As to the allegations in Paragraph nineteen, it is admitted that Bassuk met and spoke with Mr. Rosenberg and Ms. Rakestraw on many occasions, although it is unknown whether they spoke in person on the date indicated. The remaining allegations in this Paragraph are denied.

13.  Paragraphs twenty and twenty-one are denied.

14. As to the allegations in Paragraph twenty-two, it is admitted that Bassuk's former company leased vehicles for events. It is denied that Mad Enterprise Group was engaged in such activity.

15. Paragraph twenty-three is denied.

16. As to the allegations in Paragraph twenty-four, the Defendant has insufficient knowledge or information as to the provisions of Ford's contract, as no such contract was ever executed, and therefore the Defendant denies these allegations.

17. As to the allegations in Paragraph twenty-five, it is admitted that Mad Enterprise Group purchased several hundred vehicles from Ford dealers, not from the Plaintiff, under Mr. Bassuk's Fleet Identification Number. It is denied that such purchases were pursuant to any written agreement, as no such agreement was ever executed.

18. As to the allegations in Paragraph twenty-six, the Defendant has no knowledge of what "Ford became aware" and therefore denies these allegations.

19. As to the allegations in Paragraph twenty-seven, it is admitted that Mad Enterprise Group purchased several hundred vehicles from Ford dealers at a discount. The sum of the discount on all vehicles purchased is unknown.

20. Paragraphs twenty-eight and twenty-nine are admitted.

21. Paragraphs thirty and thirty-one are denied.

22. As to the allegations in Paragraph thirty-two, it is admitted that the Meeting of Creditors has not been completed. It is further admitted that the Trustee has filed a motion to dismiss the Bankruptcy. The remaining allegations are denied.

23. Paragraph thirty-three is denied.

24. As to the allegations in Paragraphs thirty-four through forty, the statements made on the record at the various meetings and examinations speak for themselves. The Plaintiff is attempting to paraphrase the Defendant's statements. The Defendant does not recall the specific words he used on prior occasions.

25. As to the allegations in Paragraphs forty-one through fifty-seven, Schedules filed in this Bankruptcy and the Defendant's statements made on the record at the various meetings and examinations speak for themselves. The Plaintiff is attempting to paraphrase the Defendant's statements and the information in the filed Schedules. The Defendant does not recall the specific words he used on prior occasions.

26. As to the allegations in Paragraph fifty-eight, the Defendant has insufficient knowledge or information upon which to form a belief, and therefore denies these allegations.

27. As to the allegations in Paragraph fifty-nine, the Defendant repeats his prior responses to the paragraphs referenced and re-alleged therein.

28. The allegations in Paragraphs sixty through sixty-four are denied.

29. In Paragraph sixty-five, the Plaintiff is quoting a statute Bankruptcy Rule, which speaks for itself.

30. The allegations in Paragraph sixty-six are denied.

31. As to the allegations in Paragraph sixty-seven, the Defendant has insufficient knowledge or information upon which to form a belief, and therefore denies these allegations.

32. As to the allegations in Paragraph sixty-eight, the Defendant repeats his prior responses to the paragraphs referenced and re-alleged therein.

33. In Paragraph sixty-nine, the Plaintiff is quoting a statute, which speaks for itself.

34. Paragraphs seventy, seventy-one and seventy-two are denied.

35. As to the allegations in Paragraph seventy-four, the Defendant has insufficient knowledge or information upon which to form a belief, and therefore denies these allegations.

36. As to the allegations in Paragraph seventy-five, the Defendant repeats his prior responses to the paragraphs referenced and re-alleged therein.

37. In Paragraph seventy-six, the Plaintiff is quoting a statute, which speaks for itself.

38. Paragraph seventy-seven is denied.

39. As to the allegations in Paragraph seventy-eight, the Defendant has insufficient knowledge or information upon which to form a belief, and therefore denies these allegations.

40. As to the allegations in Paragraph seventy-nine, the Defendant repeats his prior responses to the paragraphs referenced and re-alleged therein.

41. In Paragraph eighty, the Plaintiff is quoting a statute, which speaks for itself.

42. Paragraph eighty-one is denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense:

Ford dealers sold hundreds of vehicles to Mad Enterprise Group over a period of several years without ever having a written agreement with Mad Enterprise Group or with Mr. Bassuk. Ford knowingly waived any specific terms of its so called "CPA" agreement by continuing to do business with Mad Enterprise Group and/or Mr. Bassuk without any executed agreement.

Second Affirmative Defense:

Ford dealers sold hundreds of vehicles to Mad Enterprise Group over a period of several years without there ever being a written agreement between Ford and Mad Enterprise Group or Mr. Bassuk. Ford dealers knowingly did business with Mad Enterprise Group and/or Mr. Bassuk, with the direct authorization and permission of Ford, without any executed "CPA" agreement. Therefore, Ford is estopped from asserting any violation of an agreement that was never executed.

Third Affirmative Defense:

Ford lacks standing to file this suit, as it never sold any vehicles directly to Mad Enterprise Group or to Mr. Bassuk. All vehicles were purchased from Ford dealers, such as Sun State Ford, not from the Plaintiff.

Fourth Affirmative Defense:

Ford lacks standing to file this suit, as it only did business with Mad Enterprise Group, not with Mr. Bassuk personally.

Fifth Affirmative Defense:

Ford and its attorneys have actual knowledge that the vehicles Mad Enterprise Group purchased from Ford dealers were re-sold to buyers in the United States, as Ford has in its possession the bills of sale and bills of lading for the sales of said vehicles by Mad Enterprise Group to various buyers. Further, Ford and its dealers arranged and facilitated the actual transportation of said vehicles from Ford dealers to the buyers' locations. Therefore, Ford's allegations that Mad Enterprise Group purchased said vehicles for export and/or lease within the United States are a fraud upon the Court.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Middle District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules for this District.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by ECF filing to all counsel of record, and by email service to Robert E. Thomas, Chapter 7 Trustee.

                                      **CPLS, P.A.**
Attorneys|Consultants|Mediators
201 E. Pine Street, Suite 445
Orlando, FL 32801
407-647-7887/407-647-5396 (Fax)
Attorneys for Defendants
Our File No. 2624-4

Dated: January 18, 2018      By: /s/ Steven H. Meyer_____
                                              Steven H. Meyer, BCS
                                              Florida Bar No. 128562
                                              smeyer@cplspa.com